UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 5:20-cv-167** |
| **VICTOR HUGO VARGAS AND BERTA L. QUINTANILLA** | § § § | |
| **Defendants.** | § § | |

## TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

This Complaint for Declaratory Judgment is filed by Travelers Property Casualty Company of America ("Travelers") against Victor Hugo Vargas ("Vargas") and Berta L. Quintanilla ("Quintanilla") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy involving a declaration of rights and obligations under an insurance policy issued by Travelers to Schlumberger Technology Corporation ("Schlumberger").

### I.      PARTIES

1.      Plaintiff Travelers is a Connecticut corporation with its principal place of business also in Connecticut.

2.      Defendant Vargas is a citizen of Texas.

3.      Defendant Quintanilla is a citizen of Texas.

## II.    JURISDICTION AND VENUE

4.     This Court has jurisdiction of this controversy under 28 U.S.C. § 1332 (a) in that the dispute is between citizens of different states and the amount in controversy exceeds the sum value of $75,000 exclusive of interests and costs.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the *Quintanilla* lawsuit is pending in Bexar County, Texas, which is located in the Western District of Texas, San Antonio Division.

## III.    FACTS

6.     This dispute arises out of a lawsuit styled: *Berta Quintanilla v. Victor Hugo Vargas, et. al.*, Cause No. 2018CI05655 on file in the 438th Judicial District Court of Bexar County, Texas (the "*Quintanilla* Lawsuit"). In this case, Quintanilla has sued Vargas alleging that his negligence, negligence per se and gross negligence were the proximate cause of the bodily injuries she sustained in an automobile accident they were involved in that occurred on February 18, 2018. Quintanilla has also sued Schlumberger alleging that Vargas was operating the vehicle while in the course and scope of his employment with Schlumberger.

7.     Although the *Quintanilla* Lawsuit has been litigated in earnest between Quintanilla and Schlumberger from its onset, Vargas has not participated in any form or fashion. While Vargas was apparently personally served with the *Quintanilla* Lawsuit on February 1, 2019, he has not been seen or heard of since. Vargas did not tender the *Quintanilla* Lawsuit to Travelers for a defense or coverage. Vargas did not file an Answer in the *Quintanilla* Lawsuit. Although efforts have been expended to find Vargas, they have been unsuccessful up to the time of the filing of this Original Complaint for Declaratory Judgment.

8.     The absence of Vargas in the *Quintanilla* Lawsuit became a concern to Travelers. On the one hand, the Texas Supreme Court opinion in *National Union Fire Ins. Co. of Pittsburgh, PA. v. Crocker,* 246 S.W. 3d 603, 610 (Tex. 2008) holds that: "[i]nsurers owe no duty to provide an unsought, uninvited, unrequested, unsolicited defense." On the other hand, Travelers knew that even though there were serious coverage issues regarding a duty to indemnify Vargas, but/for his failure to request a defense, the allegations in the Original Petition in the *Quintanilla* Lawsuit might otherwise impose a duty to defend Vargas under the Travelers Primary Policy.

9.     Accordingly, Travelers, under a reservation of its rights, elected to retain Chris Heinemeyer of Krenek & Heinemeyer to Answer and appear for Vargas. In response, Quintanilla filed a Motion to Show Authority requiring attorney Heinemeyer to locate Vargas and obtain his personal consent to represent him. Since Vargas has not been located, notwithstanding a diligent effort to do so, on information and belief, the trial court in the *Quintanilla* Lawsuit will soon grant Quintanilla's Motion to Show Authority, which will require attorney Heinemeyer to withdraw from his representation of Vargas.

## IV.     THE TRAVELERS POLICY

10.     Travelers issued Policy No. TC2J-CAP-257T0343-TIL-17, which provides Business Auto Liability Insurance to Schlumberger for the policy period from July 1, 2017 to July 1, 2018 (the "Travelers Primary Policy"). The pertinent excerpts of this policy are attached hereto as Exhibit A. Only pertinent provisions of the policy are included because the entire policy is over 600 pages. In pertinent part, the Travelers Primary Policy provides:

### SECTION II - COVERED AUTOS LIABILITY COVERAGE

#### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" ... to which this insurance applies, caused by an "accident" and resulting from the ... use of a covered "auto".

***

We have the right and duty to defend any "insured" against a "suit" asking for such damages ... However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" ... to which this insurance does not apply.

***

**1.  Who is An Insured**

The following are "insureds": ...

**b.** Anyone else while using with your permission a covered "auto" you own...

***

### SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

***

**2.  Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss".

***

**b.** Additionally, ... any other involved "insured" must:

***

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or Defense against the "suit".

11.    Travelers also issued Policy No. TC2J-EX-229T7948-TIL-17, which provides

Excess (Following Form) Liability Insurance to Schlumberger for the policy period from July 1,

2017 to July 1, 2018 (the "Travelers Excess Policy"). The Travelers Excess Policy is attached

hereto as Exhibit B. The Travelers Excess Policy is what is known as a "Following Form" policy

in that, for the most part, it incorporates the terms of the Travelers Primary Policy. Pertinent to the

*Quintanilla* Lawsuit are the following provisions of the Travelers Excess Policy:

**SECTION I – EXCESS (FOLLOWING FORM) LIABILITY COVERAGE**

**1.   INSURING AGREEMENT**

    **A.**  WE WILL PAY ON BEHALF OF THE INSURED THOSE SUMS, IN EXCESS OF THE TOTAL AMOUNT PAYABLE OF ALL THE LIMITS SHOWN ON THE DECLARATIONS FOR THE APPLICABLE "UNDERLYING INSURANCE", THAT THE INSURED BECOMES LEGALLY OBLIGATED TO PAY AS DAMAGES ... TO WHICH THIS INSURANCE APPLIES AND WHICH OCCURS ... DURING THE POLICY PERIOD, PROVIDED THAT THE "CONTROLLING UNDERLYING INSURANCE" ALSO APPLIES...

    **b.**    This insurance is subject to:

    **(1)** The same terms, conditions, agreements, exclusions and definitions as the "controlling underlying insurance", except with respect to any provisions to the contrary contained in this insurance...

***

**2.   DEFENSE OF CLAIMS OR SUITS**

***

    **b.**    ... we will have no duty to defend the insured against any "suit" for damages to which this insurance does not apply.

***

**SECTION II – WHO IS AN INSURED**

    Any person ... qualifying as an insured under the "controlling underlying insurance" is an insured under this policy.

***

**SECTION IV – CONDITIONS**

***

**5.   DUTIES REGARDING AN EVENT, CLAIM OR SUIT**

***

    **b.**    If a claim is made or "suit" is brought against any insured which may result in a claim against this insurance, you must see to it that we receive prompt written notice of the claim or "suit".

    **c.**    The insured must:

        (1)   Cooperate with the "underlying insurers";

        (2)   Comply with the terms of the "controlling underlying insurance";

## V.   DECLARATORY JUDGMENT

12.     The allegations contained in Paragraphs 1 through 11 are incorporated by reference herein.

13.     Travelers seeks a declaratory judgment that the Travelers Primary Policy and the Travelers Excess Policy do not provide a duty to defend or a duty to indemnify Vargas in connection with the *Quintanilla* Lawsuit for the reasons more fully set forth below.

14.     First, there has been no tender and request for a defense of the *Quintanilla* Lawsuit by Vargas to Travelers. The holding of the Texas Supreme Court in *National Union Fire Ins. Co. of Pittsburgh, PA. v. Crocker,* 246 S.W. 3d 603, 610 (Tex. 2008) is that: "[i]nsurers owe no duty to provide an unsought, uninvited, unrequested, unsolicited defense." In that Vargas has not sought, invited, requested or solicited a defense of the *Quintanilla* Lawsuit from Travelers, notwithstanding the attempts to locate him, no coverage exists for Vargas under the Travelers Primary Policy.

15.     The Travelers Excess Policy "follows form," to the Travelers Primary Policy meaning with the exception of any provision to the contrary contained in the Travelers Excess Policy, it incorporates the provisions from the Travelers Primary Policy. Since no coverage exists for Vargas under the Travelers Primary Policy due to his failure to tender and request for a defense of the *Quintanilla* Lawsuit to Travelers, the Travelers Excess Policy is not triggered, and no coverage exists for Vargas under the Travelers Excess Policy either. Further, under the Defense of Claims or Suits Endorsement in the Travelers Excess Policy, Travelers does not owe a duty to defend Vargas against any suit for damages to which the Travelers Excess Policy does not apply.

16.     Second, Vargas has breached Business Auto Conditions Section IV. 2.b.2, of the Travelers Primary Policy regarding "Duties In The Event Of Accident, Claim, Suit or Loss."

Vargas, as an "other involved 'insured,'" did not immediately send Travelers copies of the formal

suit papers he received in the *Quintanilla* Lawsuit when he was served with them. In that Vargas

has not to date sent Travelers copies of the suit papers he received in the *Quintanilla* Lawsuit after

service, he has violated this term of the Travelers Primary Policy. Travelers has suffered prejudice

due to Vargas' failure to comply with Section IV. 2.b.2 of the Travelers Primary Policy "Duties In

The Event Of Accident, Claim, Suit or Loss." Accordingly, no coverage exists under the Travelers

Primary Policy for Vargas in connection with the *Quintanilla* lawsuit.

17. The Travelers Excess Policy "follows form," to the Travelers Primary Policy

meaning with the exception of any provision to the contrary contained in the Travelers Excess

Policy, it incorporates the provisions from the Travelers Primary Policy. Since no coverage exists

for Vargas under the Travelers Primary Policy for his failure to comply with Business Auto

Conditions Section IV. 2.b.2. of the Travelers Primary Policy, the Travelers Excess Policy is not

triggered, and no coverage exists for Vargas under the Travelers Excess Policy either.

18. Third, Vargas has breached Business Auto Conditions Section IV. b.3. of the

Travelers Primary Policy regarding "Duties In The Event Of Accident, Claim, Suit or Loss."

Commonly known as the Cooperations Clause, this term requires Vargas to "[c]ooperate with

[Travelers] in the investigation ... of the claim or defense against the 'suit.'" In that Vargas has

failed to cooperate with Travelers in the investigation of the claim or defense against the suit,

notwithstanding Travelers' efforts, he has violated this term of the Travelers Primary Policy.

Vargas' failure to comply with Section IV. b.3. of the Travelers Primary Policy, "Duties In The

Event Of Accident, Claim, Suit or Loss," has caused prejudice to Travelers. Accordingly, no

coverage exists under the Travelers Primary Policy for Vargas in connection with the *Quintanilla*

lawsuit.

19.     Similarly, Vargas has breached Conditions Section 5.c. of the Travelers Excess Policy regarding "Duties Regarding an Event, Claim or Suit," which is the Travelers Excess Policy's Cooperations Clause. This term requires Vargas to "[c]ooperate with [Travelers]" and to "[c]omply with the terms of the [Travelers Primary Policy]." In that Vargas has failed to cooperate with Travelers with respect to the Travelers Primary Policy and since he has failed to comply with the terms of the Travelers Primary Policy, he has violated these terms in the Travelers Excess Policy. Vargas' failure to comply with Conditions Section 5.c. of the Travelers Excess Policy regarding "Duties Regarding an Event, Claim or Suit," has caused prejudice to Travelers. Accordingly, no coverage exists under the Travelers Excess Policy for Vargas in connection with the *Quintanilla* lawsuit.

20.     Fourth, Vargas does not qualify as an insured under the Travelers Primary Policy. Pursuant to Section II-Liability Coverage A.1. "Who is an Insured," Vargas is only an insured if he was using the involved vehicle at the time of the accident with Schlumberger's permission. Because at the time of the accident, Vargas exceeded the permission granted to him by Schlumberger, Vargas was not a permissive user of the vehicle. Therefore, Vargas is not an insured under the Travelers Primary Policy.

21.     Likewise, Vargas does not qualify as an insured under the Travelers Excess Policy. Pursuant to Section II-"Who is an Insured." Under this provision, only a person qualifying as an insured under the Travelers Primary Policy is an insured under the Travelers Excess Policy. Since Vargas is not an insured under the Travelers Primary Policy, he is not insured under the Travelers Excess Policy.

22.     Based upon the language in the Travelers Primary Policy and the Travelers Excess Policy cited above and the facts as alleged, Travelers seeks a declaration from this Honorable Court

that Travelers does not have a duty to defend or indemnify Vargas in connection with the *Quintanilla* Lawsuit.

23.     Travelers pleads all other conditions, terms, limitations, definitions and exclusions contained in the Travelers Policy, which may be found to be applicable and Travelers specifically reserves the right to amend this Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.     PRAYER

24.     Travelers prays for declaratory judgment in its favor confirming it has no duty to defend and no duty to indemnify Vargas under the Travelers Policy for any claims or causes of action asserted against it in the *Quintanilla lawsuit.* Travelers further prays for all such other and further relief as equity and the justice of this cause may require and/or permit.

Respectfully submitted,

/s/ Robert D. Allen
**Robert D. Allen**
State Bar No. 01051315
bob.allen@theallenlaw.com
**THE ALLEN LAW GROUP**
10440 North Central Expwy.
Suite 1450
Dallas, TX 75251
(214) 217-5012 (Telephone)
(214) 291-5544 (Facsimile)

**ATTORNEY FOR PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**